UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOBY MARTIN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-14717** |
| **L & M BOTRUC RENTAL, LLC, et al.** | **SECTION: "G"(1)** |

## ORDER

Before the Court is Plaintiff Toby Martin, Jr.'s ("Martin") "Unopposed Motion for Leave to File Second Amending Complaint."[1] In Martin's original complaint filed on September 15, 2016, Martin alleged that injuries he sustained while working as a deckhand were caused by the negligence of Defendants L & M Botruc Rental, LLC ("Botruck Rental") and Hercules Offshore Services, LLC ("Hercules").[2] On September 20, 2016, Hercules notified the Court that it had filed a Chapter 11 Bankruptcy petition in the United States Bankruptcy Court for the District of Delaware, and that, pursuant to 11 U.S.C. § 362, an automatic stay was in effect.[3] On September 22, 2016, Martin filed an unopposed motion to dismiss Hercules from this matter without prejudice,[4] which the Court granted on September 23, 2016.[5] On September 26, 2016, Martin filed a first amended complaint,[6] and an answer to the complaint was filed by Botruc Rental on

---

[1] Rec. Doc. 18.

[2] Rec. Doc. 1 at 2–3.

[3] Rec. Doc. 4.

[4] Rec. Doc. 7.

[5] Rec. Doc. 8.

[6] Rec. Doc. 9.

1

November 3, 2016.[7] On November 28, 2016, a Scheduling Order was issued.[8] In the pending motion, Martin represents that, "within the last fifteen days" of his February 7, 2017 motion to amend his complaint, the bankruptcy court granted Martin authority to proceed against Hercules and any subsidiary and related companies in both this Court and the bankruptcy court.[9]

Pursuant to the Court's Scheduling Order, "[a]mendments to pleadings, third-party actions, cross claims, and counterclaims shall be filed no later than December 28, 2016."[10] The instant motion seeking to file a second amended complaint was not filed, however, until February 7, 2017.[11] The decision to grant or deny leave to amend a complaint lies within the discretion of the district court.[12] Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after the scheduling order's deadline to amend has expired.[13] Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."[14] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[15] As the Fifth Circuit

---

[7] Rec. Doc. 13.

[8] Rec. Doc. 15.

[9] Rec. Doc. 18-2 at 1.

[10] *Id.* at 2.

[11] Rec. Doc. 18.

[12] *Little v. Liquid Air Corp.*, 952 F.2d 841, 845 (5th Cir. 1992).

[13] *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

[14] Fed. R. Civ. P. 16(b)(4).

[15] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003); 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

has explained, the four factors bearing on good cause in the context of untimely motions to amend pleadings are: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[16]

The Fifth Circuit has made clear that an automatic stay imposed after a bankruptcy action is filed "operates against 'the commencement or continuation' of judicial proceedings."[17] "Thus, absent the bankruptcy court's lift of the stay, or perhaps *a stipulation of dismissal*," a stayed case "must, as a general rule, simply languish on the court's docket until final disposition of the bankruptcy proceeding."[18] In *Arnold v. Garlock Inc.*, the Fifth Circuit clarified that, upon a motion by plaintiffs to voluntary dismiss the debtor defendants to avoid a bankruptcy stay, "[t]he district courts . . . were similarly entitled to dismiss the debtor on the plaintiffs' motions as a matter consistent with the terms of § 362(a) and the effective management of their dockets."[19]

Here, Martin opted to voluntarily dismiss his claims against Hercules in an ex parte/consent motion in order to permit his claims against Botruc Rentals to go forward, rather than to seek relief from the stay from the bankruptcy court in order to maintain Hercules as a defendant.[20] Martin

---

[16] *Sw. Bell Tel. Co.*, 346 F.3d at 546 (quoting *S&W Enters.*, 315 F.3d at 536)).

[17] *Pope v. Manville Forest Prod. Corp.*, 778 F.2d 238, 239 (5th Cir. 1985).

[18] *Id.* (emphasis added). *See Villarreal v. City of Laredo*, No. 5:03-CV-11, 2007 WL 2900572, at *4–5 & n.3 (S.D. Tex. Sept. 28, 2007) (finding that, under the Fifth Circuit's analysis in *Pope*, the "prohibition under Section 362 against further proceedings is not absolute" and "is not a bar to voluntary dismissal" of claims against the bankrupt party), *aff'd in part sub nom. Villarreal v. M.G. Builders*, 354 F. App'x 177 (5th Cir. 2009)/

[19] *Arnold v. Garlock Inc.*, 288 F.3d 234, 237 (5th Cir. 2002); *Robert v. Bell Helicopter Textron, Inc.*, No. 3:01-CV-1576-L, 2002 WL 1268030, at *4 (N.D. Tex. May 31, 2002) (discussing the Fifth Circuit's holding in *Garlock*).

[20] *See id.* ("A stay granted against an action in district court continues until the bankruptcy case is closed, dismissed, or discharge is granted or denied, or until the bankruptcy court grants some relief from the stay.") (citing

has not provided this Court with any explanation for why the Court should now modify its Scheduling Order to permit Martin to amend Hercules back in the case or to add thirteen new subsidiary or related companies who were not originally named as defendants.[21] Doing so would certainly delay this litigation and cause prejudice to the other parties, who have presumably been actively conducting discovery and preparing for trial.[22] Accordingly, the Court finds Martin has not demonstrated good cause to amend the Court's Scheduling Order to allow him to file a second amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Unopposed Motion for Leave to File Second Amending Complaint"[23] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __24th__ day of February, 2017.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

11 U.S.C. § 362(a), (c)(2), (d), (e), (f)).

[21] *See* Rec. Doc. 18 at 1–2.

[22] *See* Rec. Doc. 17 at 3–4 (the parties' joint status report, filed on January 13, 2017, discussing the discovery that has been completed and the discovery that remains to be done).

[23] Rec. Doc. 18.